CLARKE *v.* SCHOOL DISTRICT No. 16.

Opinion delivered December 9, 1907.

1. SCHOOL DISTRICTS—POWER TO EMPLOY DIRECTOR AS CLERK.—The directors of a common school district are not authorized to employ one of their number as clerk and to pay him a salary as such. (Page 519.)

2. COUNTY TREASURER—RIGHT TO RECOVER ILLEGAL PAYMENTS.—A county treasurer who has paid school warrants illegally drawn upon him may recover such payments from the person to whom the sums were paid. (Page 520.)

3. LIMITATION OF ACTIONS—RECOVERY OF ILLEGAL PAYMENTS.—The statute of limitations begins to run against an action by a county treasurer to recover funds of the district illegally paid out by the treasurer from the time the payments were made, and the action is barred after three years. (Page 520.)

4. SCHOOL DISTRICT—PARTIES.—Where a county treasurer reimbursed a school district whose funds he had illegally paid out, the school district is not a necessary, though it is a proper, party to a suit by the treasurer to recover such illegal payments. (Page 520.)

5.  LIMITATION OF ACTIONS—ACTION BY SCHOOL DISTRICTS.—The statute of
limitations runs against a school district seeking to recover its funds
illegally paid out by the county treasurer. (Page 520.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge;
reversed in part.

This is an action by School District No. 16 of Clark County,
and Ben Bussell, the treasurer of said county, to recover from
defendant, George W. Clarke, the sum of $90, with interest,
which amount was paid to defendant by Bussell, while treasurer
of the county, upon six school warrants of $15 each, issued to
defendant while the director of said district. The complaint
alleges the dates of payment, and shows that four of them were
made more than three years before this suit was brought. It
alleges that the warrants were unlawfully issued for service ren-
dered by defendant as clerk of the school district, while he was
one of the directors.

The case originated in a justice's court, and was appealed to
the circuit court. Defendant demurred for misjoinder of parties,
and by way of answer set up that his services as clerk were
reasonably worth the amounts allowed, and that the action was
barred except as to the last two warrants.

The cause was tried upon the following agreed statement of
facts: "That the defendant, Geo. Clarke, was a school director
in School District No. 16, County of Clark, State of Arkansas;
that he acted as clerk of said board of directors during his mem-
bership of same; that for his services as such clerk he drew
the respective amounts and at the time as alleged in the com-
plaint, and that he received moneys for the face value of said
warrants from the said school district from its common school
fund; that the money was received for his services as clerk of
the board of school directors of the district and his labors in
getting up and preparing the annual enumeration report, of
which he performed the greater part, and on some occasions
employed other parties to assist him, for which he paid, and was
also assisted in part by the other directors; that said school dis-
trict is an unusually large common school district, there being in
it some 8 or 9 separate schools. It is admitted that Benj. Bus-
sell was the treasurer of Clark County for and during all the
time when said warrants were drawn by defendant, and that

he cashed the same out of the money belonging to the fund of said school district; that defendant has failed to refund any part of the same, although requested so to do by plaintiff, Benj. Bussell; that also since then plaintiff, Bussell, has paid of his own money back into said school fund a sum equal to the total amounts drawn from the same by defendant and without interest by said warrants as alleged in the complaint, being compelled to refund the same in order to have his account as such treasurer approved by the county commissioners of accounts for said county. It is admitted further that directors in said common school district have made it a custom to draw warrants in favor of one of their number who acted as such clerk upon said school district and has received pay for same as for similar services claimed by the defendant; that the materiality and relevancy of the above statement of facts is referred to the court."

At the request of appellee the court declared the law to be: (1) · that the school directors of a common school district cannot spend the school funds for any purpose other than that for which it was raised, and that the clerk of the board of directors of a common school district is entitled to no pay for his services as clerk of the board and, that the directors, in this case, had no authority of law for issuing and delivering to defendant the warrants mentioned and described in plaintiff's complaint; (2) that the three years statute of limitation has no application, and cannot be pleaded in this case.

Defendant has appealed.

*G. R. Haynie,* for appellant.

1. If it be conceded that the contract under which appellant was paid for services as clerk was invalid, it is nevertheless an executed contract, and there can be no recovery. Bishop on Contracts, § § 625, 627, 636; 9 Cyc. 546; 70 L. R. A. 645; 63 Ark. 318.

2. The first four warrants were issued more than three years prior to the institution of the suit. As to them the action is barred. Kirby's Digest, § 5064; 63 Ark. 56; 19 Am. & Eng. Enc. of Law (2 Ed.), 192, and note; 3 Am. St. Rep. 266, and note.

3. The school district was improperly joined in this action. Every action must be prosecuted in the name of the real party in interest. Kirby's Digest, 5999.

4. That appellant was at the time a member of the board does not preclude him from recovering a reasonable compensation for extraordinary services rendered. He would in any event be entitled to recover on a *quantum meruit*. 58 Ark. 348; Bishop on Contracts, § 188; Lawson on Contracts, § 41.

*J. E. Bradley* and *Hardage & Wilson,* for appellees.

1. Appellees were not parties to any contract, and can not be concluded by an illegal contract between the appellant and his co-directors.

2. The statute of limitations can not be set up against an action of this kind. 63 Ark. 56.

3. This is not a special school district. There is therefore no provision of law for the employment of appellant as clerk of the board, nor for his compensation as such. Kirby's Digest, § 7620. See also *Id.* § 7663.

WOOD, J. The questions presented by this appeal are:

(1) Can the directors of a common school district employ one of their number as clerk of the board at a salary of $15 payable out of the school fund?

(2) If the sums are illegally paid, can the treasurer of the county, who pays warrants drawn for such amounts, recover same back from the person to whom the sums were paid?

(3) Does the statute of limitations run against the treasurer, Bussell, or the school district to recover the funds? Was the district a proper party?

Answering these in the order named:

1. We find no statute authorizing the directors of a common school district to employ one of their number as clerk and to contract to pay such clerk a salary for his services as clerk of the board. The law provides that one of the directors shall act as clerk, and prescribe various duties for him to perform. Kirby's Digest, § § 7630, 7631. But we find no express provision for his compensation, and none from which such compensation could be implied. In the absence of statutory authority expressly conferred upon the board of directors or some general provision from which such authority must be

implied, such contracts of the board with one of their number can not be upheld. It would seem, from the onerous duties required of the clerk of the board, that some provision should be made for his compensation, but, in the absence of legislation upon the subject, he must simply take the position *cum onere* and without pay.

2. Although the treasurer illegally pays the warrants for such services, he may, when his mistake is discovered, recover the same back into the treasury. The funds in his hands are trust funds belonging to the district, and he or the district may sue to recover same back into the treasury where they have been illegally paid out. There is no question of having paid money on an executed contract in the case. Neither the treasurer nor the district whose funds are in his hands are parties to any contract that was beyond the power of the directors to make.

3. The statute of limitations would run against Bussell and the district for all sums paid out by him more than three years before the institutiin of the suit. There was a liability on the party receiving the funds illegally from the treasurer immediately upon receipt of the same. And suit could have been brought and maintained for the recovery of the money at once. The statute began to run at once, and after three years effectually barred the action.

The school district, having been reimbursed by Bussell, was not a necessary party. It was not, however, an improper party, for the funds belonged to it; and, as it had been paid, it could sue for Bussell's benefit.

The statute of limitations will. run against a school district, as well as a county, city or town. See *Ft. Smith* v. *McKibbin,* 41 Ark. 45; *Helena* v. *Hornor,* 58 Ark. 151. A school district is a corporation, and may sue in any of the courts of the State having competent jurisdiction. See 7541, Kirby's Digest. The State is not a party here, and the school district, in seeking to recover funds illegally paid out on the warrant of its directors, is not exercising any of the functions of the sovereign power. 19 Am. & Eng. Enc. Law, 192, note 1; *May* v. *School District,* 22 Neb. 205, 3 Am & State Rep. 266, and note.

In reality, the school district here was only a party for the benefit of Bussell, it having already been paid.

The judgment is reversed for all except $30 with interest, and as to that is affirmed.