ARKANSAS POWER & LIGHT COMPANY *v.* THE FIDELITY & CASUALTY COMPANY OF N. Y.

4-5275                                  121 S. W. 2d 890

Opinion delivered November 28, 1938.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellant.

*Buzbee, Harrison, Buzbee & Wright,* for appellee.

MEHAFFY, J. The appellee, an insurance company engaged in writing insurance and surety bonds, instituted this suit in the Pulaski circuit court against the appellant, alleging that in 1933 the appellee became surety upon the official bond of Austin Murphy, who was the duly qualified and elected treasurer of Jackson county, Arkansas; the bond was for a period of two years; during Murphy's term in office, he issued certain warrants that were void under Amendment No. 10 to the Constitution; said warrants constituted no legal obligations, and the claim for which said warrants were issued were unenforceable against the county; in 1936, the state of Arkansas instituted suit against the appellee for the use and benefit of Jackson county and Murphy, the treasurer, was made defendant in said suit. In June, 1936, judgment was rendered in favor of the state against Austin Murphy and the appellee for the amount of said warrants and assessed $5 prosecuting attorney's fee on each warrant; there were two warrants; the appellee was required to pay said judgment and alleges that it was subrogated to any and all rights which Jackson county and Austin Murphy had against appellant. Judgment was asked for $401.79 with interest.

Appellant filed a demurrer on the ground that the complaint did not state facts sufficient to constitute a valid cause of action.

The appellant filed motion to transfer the cause to equity, and the cause was transferred. The following is an agreed statement of facts: "It is herein stipulated and agreed by and between the parties herein that the following constitute the material facts of this controversy:

"1. The plaintiff is a corporation engaged in the writing of fidelity and surety bonds and is authorized to do business in the state of Arkansas.

"2. The defendant is a corporation organized under the laws of the state of Arkansas and has been properly served with process in this action.

"3. On or about January 1, 1933, the plaintiff became surety on the bond of Austin Murphy, who was the duly qualified and elected treasurer of Jackson county, Arkansas. The term of said bond was for a period of two years. Plaintiff was duly compensated for the execution of said bond.

"4. On January 6, 1933, Jackson county general revenue warrant No. 21, in the sum of $204.79, was issued by the clerk of Jackson county to the defendant for services duly rendered by the defendant to Jackson county, Arkansas. On February 9, 1933, Jackson county general revenue warrant No. 632, in the sum of $362.44 was issued to the defendant by the clerk of Jackson county in payment of services duly rendered Jackson county by the defendant. Order of allowance of warrant No. 21, is found in book C, p. 338, and of warrant No. 632 is found in book C, p. 362.

"5. On May 6, 1933, the defendant delivered to A. G. Albright, sheriff and collector of Jackson county, Arkansas, the said warrants Nos. 21 and 632 in part payment of taxes owed by the defendant. Albright issued his official receipt on May 8, 1933, and delivered same to the defendant. The said Albright in his monthly settlement with the treasurer of Jackson county duly delivered the two said warrants to the treasurer which were accepted by the said treasurer, and credit given the collector on July 3, 1933.

"6. Warrant No. 21 was void for the reason that it was issued in contravention of Amendment No. 10 to the Constitution of the state of Arkansas, in that the indebtedness upon which the order of allowance was made was contracted after all the revenues for the fiscal period involved had been exhausted. Warrant No. 632, in the amount of $362.44, was valid in the sum of $175.44, and held void in the sum of $188, for the reason that it was

issued in contravention of Amendment No. 10 to the Constitution of the state of Arkansas, in that the orders of allowance upon which said warrant was issued, and the indebtedness upon which the orders were made had been contracted after all the revenues for the fiscal period involved had been exhausted.

"7. The defendant had duly tendered the services for which the warrants were issued in payment, and accepted said warrants in good faith and with no actual knowledge of the condition of the treasury of Jackson county. Austin Murphy acted in good faith in said transaction, with no knowledge of the invalidity of the warrants.

"8. During the year, 1936, the state of Arkansas instituted separate causes of action in the Jackson county circuit court upon each of the foregoing warrants and named the said Austin Murphy and the plaintiff herein, for the total amount of $391.79, and in addition, assessed as costs $5 prosecuting attorney's fees for each warrant. Said judgment was duly paid by plaintiff herein."

The appellant answered admitting the facts set forth in the agreement; states that it had duly rendered the services, and that it accepted the warrants in good faith with no knowledge of the condition of the treasury of Jackson county. It denied that plaintiff was entitled to recover, and stated that the contract was for a purpose which was valid and binding on said county, and that having issued the warrants which were paid by the treasurer, it or any person claiming under or through subrogation, assignment, or otherwise, is now estopped from recovering said sums from appellant.

The chancellor entered a decree in favor of the appellee against the appellant for the amount sued for, and the case is here on appeal

This court has held that the doctrine of subrogation is an equitable one, having for its basis the doing of complete and perfect justice between the parties, with regard to form, and its purpose, and object is the prevention of injustice.

Amendment No. 10 of the Constitution prohibits the county court, levying board, or agent of any county

from making or authorizing any contract or making any allowance for any purpose whatsoever, in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made. It also prohibits the county judge, county clerk or any other county officer to sign or issue any script, warrants, or make any allowance in excess of the revenue from all sources for the current fiscal year.

Appellant says in its answer that the contract was for a purpose which was valid and binding on said county, and that said county, having issued said warrants which were paid by the treasurer, it or any person claiming under it through subrogation, assignment or otherwise, is estopped from recovering said sums.

In the first place, there was no contract, because the constitution prohibits the making of a contract; moreover, it could not make a contract for any purpose or sign a warrant or pay money if said contract or warrant was in excess of the revenues for that year.

The appellant refers to a number of authorities, and it may be said that the authorities are not in harmony. Some courts hold that there is no liability if the person sought to be charged did not have actual knowledge of the invalidity of the claim. It is generally held, however, that if the party sought to be charged has either actual or constructive notice, this is sufficient. This is not like a case where a contract has been made which was authorized by law, but not valid because of some defect; but in the instant case there not only was no contract, but the making of a contract, the making of an allowance, or the issuing of a warrant, was absolutely prohibited, so that when the appellant received these warrants, it received absolutely void warrants.

One authority to which attention is called by the appellant is 60 C. J. 764. That provides that when the surety had made good the default of the principal the surety will be subrogated to the rights of the beneficiary or obligee against a third person who has received the trust property with notice or without value, or who with knowledge, had participated in the breach of trust, etc.

In the same volume referred to, on page 760, it is said: "The generally accepted rule seems to be that, where, because of the character of the debt, or the character or status of the creditor, the law accords a right of priority to the debt, or some particular remedy or privilege in connection with its enforcement, a surety for the debt, who has paid the same, will be subrogated to such right of priority, special privilege, or remedy, even as against a co-surety or his estate. Thus a surety for a debt owing to a state, the United States, or the crown, will usually be subrogated to the sovereign right to have prior payment from the estate of the principal."

No distinction is made between compensated and gratuitous sureties.

"Thus, where the sureties of a public officer have made good a loss occasioned by their principal's default or misconduct in the collection of a debt, it has been generally held that they are entitled to be subrogated to the rights of the obligee against those persons who were originally liable for such debt." 25 R. C. L. 1332.

The warrants received by appellant were worthless papers, and if it sold electricity or any commodity to a county at a time when the county's revenues for that year had been exhausted, it did so at its peril and could not collect from the county. When it received the warrants from the county which had been issued in excess of the revenue, the county had a right to recover from it the amount so received, and if the surety was compelled to pay this, it is subrogated to the rights of the county.

It was said in the case of *Clark* v. *School Dist. 16*, 84 Ark. 516, 106 S. W. 677: "Although the treasurer illegally pays the warrant for such services, he may, when his mistake is discovered, recover the same back into the treasury."

If one could enforce the collection of warrants issued after the funds were exhausted, this would nullify Amendment No. 10.

The appellee had a right to recover, and the judgment is affirmed.