JENSEN *v.* FORDYCE BATH HOUSE.

4-7771                                               190 S. W. 2d 977 ·

Opinion delivered December 10, 1945.

*Jay M. Rowland,* for appellant.

*Wootton, Land & Matthews,* for appellee.

MILLWEE, J. This is a suit by appellee, Fordyce Bath House, to restrain the collection of personal property taxes charged against it upon the tax books of Garland county for the year 1931. The cause was submitted to the trial court upon the pleadings and the following agreed statement of facts:

"1. That the plaintiff is a partnership consisting of Lillian P. Fordyce, Edward W. Fordyce, Downs L. Fordyce, Ruth Fordyce, and Samuel W. Fordyce, III, copartners doing business as the Fordyce Bath House in the City of Hot Springs, Arkansas.

"2. That Fordyce Bath House, a corporation, was dissolved on February 2, 1942, and that the business has thereafter been conducted by said partnership.

"3. That the Levying Court of Garland county, Arkansas, met pursuant to law in 1931, and included among its proceedings was the following resolution: 'That this court levy a .0087 mill tax for State purposes for 1931, payable in 1932.'

"4. That the County Clerk of Garland county, Arkansas, extended an 8.7 mill levy for State purposes on

the personal books of said county; and for the year 1931 extended taxes against the plaintiff's property in the sum of $2,772 on an assessed valuation of $63,000, said levy consisting of millages in the following amount: State of Arkansas 8.7 mills, City of Hot Springs 9.3 mills, Hot Springs School District No. 6 18.0 mills, Road and Bridge Tax 3.0 mills, General Garland County Tax 5.0 mills.

"5. On January 12, 1945, Ray Jensen, as Delinquent Tax Collector of Garland County, Arkansas, delivered to the plaintiff a demand that he pay personal taxes for the year 1931 in the amount of $2,772, together with a penalty in the amount of $277.20 and an additional sum of $304.93 for said collector, as provided in Act No. 342 of the year 1941.

"6. That the plaintiff tendered to Ray Jensen, the Delinquent Tax Collector of Garland county, Arkansas, the sum of $663.31, which constituted the amount due the State of Arkansas under the 8.7 mills levied for State purposes, together with the penalty thereon, the cost, and $60.30 for the Delinquent Tax Collector of Garland county, Arkansas, in full settlement of all of the 1931 personal property taxes as per the attached letter, and that said tender was refused.

"7. That the plaintiffs have pleaded the statute of limitations and laches to all levies for the year 1931, and deny that they are indebted in any amount for said taxes."

In its decree, the trial court held all of the levies set out in the agreed statement, except the levy for the State of Arkansas of 8.7 mills, barred by the general statute of limitations. Appellant, as Delinquent Tax Collector, was given judgment on his cross-complaint against appellee for $663.31, the amount of the 8.7 mills state levy and penalty, which was determined to be the full extent of appellee's liability for 1931 taxes. The costs of the suit were adjudged against appellee.

The first question for consideration is whether a general statute of limitations runs against the collection

of that part of personal taxes which is levied and assessed for county, city and school purposes. It does not appear that such question has been heretofore passed on by this court. Contrary to the situation existing in many states, we have no statute restricting the time within which actions for the recovery of delinquent personal taxes may be instituted. On the contrary, the following provisions are found in §§ 13840-41 of Pope's Digest:

"13840. The collector may collect at any time all delinquent personal property tax in his county, or that may be sent from another county, by the sale of property or otherwise, and shall make returns of the amount so collected to the proper counties and officers. . . .

"13841. The delinquent list, together with the fees allowed thereon to any collector, shall be delivered to his successor, and the same shall be returned to the clerk of the county court by the outgoing collector for that purpose, and so on until the whole shall be collected. Provided, after said list has been returned two years the county court shall have power to strike off all names of persons who, in the opinion of such court, own no property out of which the taxes due on said list can be made by sale or otherwise."

In the absence of a specific provision in that regard, there is a diversity of opinion among the authorities as to the application of general statutes of limitation to the subordinate political subdivisions of a state. In a discussion of the question in 34 Am. Jur. p. 309, it is said: "It has been said that the maxim '*nullum tempus occurrit regi*' is an attribute of sovereignty only, and cannot be invoked by counties or other subdivisions of the state. In many cases, probably a majority, a distinction is drawn between cases where a subordinate political subdivision or agency is seeking to enforce a right in which the public in general has an interest and those where the public has no such interest, and it is held that the statute of limitations, while applicable to the latter character of actions, cannot be interposed as a bar where the municipality is seeking to enforce the former type of action.

In these decisions, the view is taken that the plaintiff, in seeking to enforce a contract right, or some right belonging to it in a proprietary sense, may be defeated by the statute of limitations; but as to rights belonging to the public and pertaining purely to governmental affairs, and in respect to which the political subdivision represents the public at large or the state, the exemption in favor of sovereignty applies, and the statute of limitations does not operate as a bar."

It is well settled in this state that the statute of limitations may be interposed against, or in behalf of, counties, cities and school districts where the enforcement of mere private or proprietary rights are involved. *Clark v. School District*, 84 Ark. 516, 106 S. W. 677. The rule has been made applicable to municipal corporations in cases involving adverse occupancy of streets and alleys. *City of Ft. Smith v. McKibbin*, 41 Ark. 45, 48 Am. Rep. 19; *El Dorado v. Ritchie Grocery Company*, 84 Ark. 52, 104 S. W. 549, 120 Am. St. Rep. 22; *Madison v. Bond*, 133 Ark. 527, 202 S. W. 421. It was also applied in an action by a taxpayer to surcharge and correct the accounts of the county treasurer in the case of *Sims v. Craig*, 171 Ark. 492, 286 S. W. 867. It is conceded that some of these cases involve the enforcement of certain public rights, but none of them concern the exercise of the sovereign right of the state to collect those revenues which are absolutely essential to the maintenance of organized government. The case of *Clark v. School District, supra,* was an action to recover funds illegally paid upon school warrants by the county treasurer. Mr. Justice Wood, in the opinion, emphasizes the fact that the school district was not acting in a sovereign capacity and said: "The state is not a party here, and the school district in seeking to recover funds illegally paid out on the warrant of its directors is not exercising any of the functions of the sovereign power."

The general rule with respect to the time within which proceedings may be instituted for the collection of taxes is stated in 51 Am. Jur., p. 867, as follows: "In general it may be said that unless other provision is

made by law the obligation to pay a tax persists until the tax is paid. It is well established that statutes of limitation do not run against sovereign states unless by the terms of the limitation statute it is made applicable to the state; nor as a general rule do the statutes of limitation run against municipal corporations and counties in actions involving their public or governmental rights and duties. The existence of a time limit beyond which the government may not sue to recover unpaid taxes is therefore dependent upon some express statutory provision, and provisions limiting the time for the collection of taxes are strictly construed in favor of the government.''

In actions for the collection of taxes a majority of the courts seem to hold that a plea of the general statute of limitations is not available in proceedings instituted on behalf of either the state or its political subdivisions. In the case of *Greenwood* v. *Town of LaSalle*, 137 Ill. 225, 26 N. E. 1089, the court said: ''A town, under our township organization system, is but a civil division of a county and exists as a municipal corporation merely for the purpose of carrying on the state government. It can only levy and collect taxes for the purpose of carrying on that subdivision of such government. It must be admitted that town taxes may be levied for purposes in which the public generally are directly interested, such as 'constructing or repairing roads, bridges, or causeways' within the town. Section 40, art. 4, c. 139, Rev. St.; *City of Alton* v. *Transportation Co.*, 12 Ill. (38) 60 (52 Am. Dec. 479). Other improvements may also be lawfully paid for out of a town tax, in which the public at large have as much interest as those residing within the boundaries of the township. We entertain no doubt that the right here sought to be enforced is of such a public nature that no statute of limitations could be interposed against it.''

This holding was reaffirmed in the later case of *Brown* v. *Trustees of Schools*, 224 Ill. 184, 79 N. E. 579, 115 Am. St. Rep. 146, 8 Ann. Cas. 96, where the court said: ''The rule that statutes of limitation do not run against the state also extends to minor municipalities

created by it as local governmental agencies, in respect to government affairs affecting the general public. The exemption extends to counties, cities, towns and minor municipalities in all matters respecting strictly public rights as distinguished from private and local rights, but, as to matters involving private rights, they are subject to statutes of limitation to the same extent as individuals.''

In *Hagerman* v. *Territory,* 11 N. M. 156, 66 Pac. 526, the court said: ''Under our system of government a county is a civil subdivision of the territory and exists as a municipal corporation merely for the purpose of carrying on the territorial government; and it is well settled that the plea of the statute of limitations is .no defense to those actions by. such corporation involving public rights, such as taxation, unless the statute expressly so provides.'' (Citing authorities.)

*Anderson* v. *Ritterbusch,* 22 Okla. 761, 98 Pac. 1002, was a proceeding for a writ of prohibition against a county treasurer to restrain him from proceeding to collect certain taxes, and it was held that in collecting taxes the county was merely the agent of the state; and, as the state was the real party in interest, the statute did not run. The following rule found in *Simplot* v. *Chicago, M. & St. P. R. Co.,* 5 McCrary 158, 16 Fed. 350, 5 McCrary 158, is cited with approval in many cases: ''The true rule is that when a municipal corporation seeks to enforce a contract right, or some right belonging to it in a proprietary sense, or, in other words, when the corporation is seeking to enforce the private rights belonging to it, as distinguished from rights belonging to the public, then it may be defeated by force of the statute of limitations; but, in all cases wherein the corporation represents the public at large or the state, or is seeking to enforce a right pertaining to sovereignty, then the statute of limitations, as such, cannot be made applicable.''

In the case of *Wasteney* v. *Schott, Treas.,* 58 Ohio St. 410, 51 N. E. 34, it was held that actions for the recovery of personal taxes, while required to be brought in

the name of the county treasurer, are prosecuted for the benefit of the state, and the plea of limitations was not available. The court said: "Taxation is a recognized, constitutional, and lawful means of raising such revenues for most, if not all, public needs; and the courts will take notice that general taxes levied by the state directly, or through local agencies to which it has delegated that power, constitute a source of revenue for use in the due performance of the functions of the state government. Whether voluntarily paid or collected by suit, they go partly to the general funds of the state, for its disbursement in the administration of public affairs, and are in part disbursed, in the due course of local administration, by officers exercising the delegated powers of the state, deemed necessary and proper for that purpose. In the latter case, as well as the former, the fund belongs to the state's revenues, and the disbursement is for the public benefit, although local advantages may also result. Through county, township, municipal, and other organizations, they are paid out in the administration of public justice, the maintenance of the public order and security, the support of the public schools, and other purposes of a public nature pertaining to the state government."

In the case of *Brink* v. *Dann*, 33 S. D. 81, 144 N. W. 734, it was held that, unless the statute specifically so provides, a statute of limitations cannot apply to a county to prevent it from performing a public duty, such as the collection of taxes.

The power to tax is one of the primary attributes of sovereignty. Personal property taxes are levied and collected under the authority of the state in the exercise of its sovereign powers for governmental purposes of a public nature. The fact that the taxes are levied by local agencies, to which the power to tax has been delegated by the state under our constitution, does not lessen the force or nature of the sovereign power involved in the transaction. The sovereign does the taxing and collects the tax through the office of a delinquent tax collector created for that purpose by Act 342 of 1941, which empowers such officer to "issue and serve all writs and

other process now provided by law for enforcing the collection of delinquent taxes.''

It is our conclusion, therefore, that the general statute of limitations has no application and may not be pleaded in defense of proceedings to collect any part of the delinquent taxes involved in this suit. This view is strengthened by the provisions of §§ 13840-41, Pope's Digest, *supra,* under which the obligation to pay apparently persists until the taxes are paid, except as to those persons found by the county court to be insolvent. Whether or not some provision specifically limiting the time for enforcing such collections should be made, as has been done in many states, is a matter for the lawmaking power.

Appellee also pleaded laches. In 61 C. J., § 1394, p. 1059, the textwriter says: ''Delay in prosecuting a suit for delinquent taxes will not constitute a bar to their recovery where defendant has been uninjured by the delay.'' We find nothing in the agreed statement of facts which indicates any injury sustained by appellee merely because of the delay in instituting the proceedings to collect the taxes. The only change in position of the parties is that appellee was a corporation when the taxes were levied and is now a partnership. The rights of intervening innocent purchasers are not involved. It may be conceded that private rights may arise in consequence of laches on the part of public officers of a more persuasive force than those of the public in a particular case, but we do not find that situation existing in this case.

That part of the decree which holds appellee liable for payment of the state levy of 8.7 mills, penalty and costs, is affirmed. So much of the decree which holds the levies for the city of Hot Springs, Hot Springs School District No. 6, road and bridge tax and general county tax barred by the statute of limitations is reversed, and the cause remanded with directions to enter a decree

for appellant for the full amount of the taxes, penalty and costs, including the costs of this appeal.

GRIFFIN SMITH, C. J., disqualified and not participating.