## ARKANSAS STATE HOSPITAL
### *v.* CLEBURNE COUNTY

80-209                                              607 S.W. 2d 61

Supreme Court of Arkansas
Opinion delivered November 10, 1980

*Hall, Tucker, Lovell, Alsobrook & Moudy,* for appellant.

*T. J. Hively,* Pros. Atty., 16th Judicial Dist., and *James R. Cooper,* Deputy Pros. Atty., 16th Judicial Dist., for appellee.

JOHN I. PURTLE, Justice. The Arkansas State Hospital filed claim against Cleburne County for collection of three accounts totaling $1800. The debts were incurred because three prisoners were sent to the state hospital, from Cleburne County, pursuant to Ark. Stat. Ann. § 43-1301 (Repl. 1977). The Cleburne County Quorum Court denied the claim, and the hospital appealed to the circuit court which allowed one of the claims in the amount of $600 but denied the other two because the three year statute of limitations had run.

On appeal the hospital claims the statute of limitations does not run against the state. We agree.

These claims were not filed until 1980 although they were incurred in 1975, 1976 and 1977. The first two were incurred more than three years prior to the filing of the claim. The trial court applied the three year statute of limitations which did not bar one claim but did bar the other two.

Appellant correctly cites several cases which hold that the statute of limitations does not run against the state. *Alcorn* v. *Arkansas State Hospital*, 236 Ark. 665, 367 S.W. 2d 737 (1963); and *Jensen* v. *Fordyce Bath House*, 209 Ark. 478, 190 S.W. 2d 977 (1945). Our cases have held that the sovereignty of the state prevents the statute of limitations from barring its claims. It has been held many times that a county may invoke the statute of limitations in claims presented for payment. *Boone County* v. *Skinner-Kennedy Stationery Co.*, 191 Ark. 329 (1935). In the cases we have reviewed which allow the county to invoke the statute of limitations the claims were not presented by the state. Therefore, it appears that the county may invoke the statute of limitations to all except the state.

It does not appear that the parties asked the court to consider Amendment 10 to the Constitution of Arkansas which states:

\* \* \*

The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any scrip, warrant or make any allowance in excess of the revenue from all sources for the current fiscal year; nor shall any city council, board of aldermen, board of public affairs, or commissioners of any city of the first or second class, or any incorporated town, enter into any contract or make any allowance for any purpose whatsoever or authorize the issuance of any contract or warrants, scrip, or other evidences of indebtedness in excess of the revenue for such city or town for the current fiscal year; nor shall any mayor, city clerk or recorder, or any other officer or officers, however designated, of any city of the first or second class or incorporated town sign or issue any scrip, warrant or other certificate of indebtedness in excess of

the revenue from all sources for the current fiscal year.

\* \* \*

The trial court was in error in holding the statute of limitations applied to the claims of the Arkansas State Hospital. The procedure for collection of the claims is a matter which is not before us at this time.

Reversed and remanded.

HICKMAN, J., concurs in the result.