The Honorable Tom Wynne Prosecuting Attorney Thirteenth Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to your request for an opinion concerning the collection of chancery court filing fees from the Union County Child Support Enforcement Unit ("Unit"). Specifically, you note that Op. Att'y Gen. 93-137 concluded that the Child Support Enforcement Unit was not exempt from the payment of filing fees in chancery court with regard to actions filed under A.C.A. 9-14-105. You also note, however, that the Unit did not pay filing fees for such cases in 1991, 1992, and part of 1993. The clerk has determined that approximately $42,000 is owed to the clerk by the Unit for these years. Your questions with regard to these facts are as follows:
 1. Whether the fees that were not collected by the clerk in 1991 , 1992, and 1993 in cases filed pursuant to Arkansas Code Annotated 9-14-105 are collectible now from the Child Support Enforcement Unit?
 2. If they are a debt that can be collected, is there any legal way for the County Judge, Quorum Court, Circuit Clerk, or some combination thereof to forgive the debt?
There is no general statute which governs the collection and/or waiver of filing fees which were not collected upon the filing of court cases. It is my opinion that there is no statute of limitations preventing the collection of these fees, and as such, they are "collectible" now.
In response to your second question, there is one statute which appears to stand as authority for the waiver of a portion of the fees, and there is another statute which forbids the waiver of another portion of the fees. In the absence of any applicable statutory provisions governing a particular fee, it is my opinion that the chancery court may have some authority to enter an order regarding the collection of these fees.
It should be noted initially in response to your first question that there is no statute of limitations which would prohibit the collection of any portion of these fees. In the absence of a specific provision in this regard, it is generally held that the statute of limitations does not run against the state (Arkansas State Hospital v. Cleburne County, 271 Ark. 94,607 S.W.2d 61 (1980)), and it does not run against political subdivisions of the state with regard to the enforcement of rights in which the public in general has an interest. Alcorn v. Arkansas State Hospital, 236 Ark. 665, 367 S.W.2d 741
(1963), citing Jensen v. Fordyce Bath House, 209 Ark. 478,190 S.W.2d 977 (1945). A portion of the filing fees at issue is collectible on behalf of the state, and a portion is dedicated to political subdivisions and other purposes. With regard to each, it is my opinion that there is no statute of limitations applicable to the collection of these fees.
In addition, A.C.A. 9-14-215, although exempting the Unit from the payment of fees in "UIFSA" cases, states in subsection (b)(1) that "the clerk and sheriff may collect fees in all other cases from the unit by submitting monthly or quarterly statements for their services." It thus appears that the clerk could submit quarterly statements for the relevant period. In response to your first question, therefore, it is my opinion that the fees are "collectible" now.
With regard to waiver or forgiveness of the debt, however, as posed by your second question, there are two statutes, which are of relevance to a portion of the fees collected. If any portion of the fees which should have been collected are fees levied to support the county law library under A.C.A.16-23-103 (Cum. Supp. 1993), subsection (c) of that statute provides that "[n]o county or municipality shall be liable for payment of the costs provided for by this chapter in any instance in which they are not collected." This statute was not intended to grant discretion in county officers to collect or not collect the fees, it is simply "an exemption in those situations and in favor of the county or municipality in cases wherein the costs are not collected." Nahlen v. Woods,255 Ark. 974, 504 S.W.2d 749 (1974).[1] This provision lends support to the conclusion that these fees would not have to be collected, as the county will not be held liable for their collection. It appears, therefore, that these fees could be waived through simple inaction of the county in collecting them.
The other statute which is of relevance is A.C.A. 16-20-107
(1987). This statute provides in subsection (a)(2) that "[n]o portion of these additional fees levied in 21-6-404 and21-6-405 shall be waived, refunded, or rebated." The fees levied in 21-6-405 relate to criminal cases, and are thus presumably inapplicable to the issue raised in your request, which involve the filing of child support actions. The fees levied in 21-6-404 presumably were collectible in the cases at issue. This statute levies an "additional advance fee" for initiating a cause of action in chancery court, as well as in other courts. Section 16-20-107 provides that no portion of these fees may be waived. In response to your second question, therefore, it appears that no entity has the authority to waive this portion of the filing fees.
With regard to the balance of the sums which make up the filing fees chargeable in cases filed under A.C.A. 9-14-105, I can find no statute or general law which governs the collection or waiver of the fees. Absent any statutory guidance, it is my opinion that the chancery court wherein the fees should have been collected has the authority to enter an order regarding the collection of these fees. It is my opinion that the officials listed in your second question, (the county judge, quorum court, circuit clerk) do not have the authority to waive the balance of these fees. This is a topic for the chancery court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It is unclear whether this provision could be used by the Union County Child Support Enforcement Unit as a "sword" to allege that it, if a part of the "County," shall not be liable for uncollected costs. It is my opinion, however, that this was likely not the legislative intent.